IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case No.   JRR-23-0146 |
| GARRICK POWELL | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO SUPPRESS TANGIBLE AND DERIVATIVE EVIDENCE

The defendant, Garrick Powell, through counsel, Christopher Nieto, Nieto Law Office, hereby respectfully moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress tangible and derivative evidence obtained from an unlawful traffic stop, search and seizure on April 19, 2023, and as grounds therefore states the following:

1. The defendant, Garrick Powell, is charged in a two-count indictment with Possession of Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1), and Unlawful Possession of a Machinegun, in violation of 18 U.S.C. § 922(o). Trial is scheduled for January 13, 2025.

2. According to discovery produced by the government, on April 19, 2023 at approximately 10:30am, law enforcement surveilled the 500 block of North Patterson Park via CCTV when they saw Mr. Powell exit the residence at 514 N. Patterson Park. As they continued to watch Mr. Powell, police allege that they saw Mr. Powell used his left hand to hold an object in his waistband that they believed to be a firearm.

3. Armed with this belief, police officer initiated a traffic stop and Mr. Powell was arrested. Inside the vehicle, on the driver's side floor, police officers allegedly recovered a Polymer 80 9mm handgun with ammunition. Mr. Powell believe that the items seized from the car

will be offered as evidence in the Government's case-in-chief and has served as the basis for this criminal indictment.

4. The Fourth Amendment guards against "unreasonable searches and seizures." *See* U.S. Const. amend. IV. A traffic stop is a "seizure" within the meaning of the Fourth Amendment and must be reasonable under the circumstances. *See Delaware v. Prouse,* 440 U.S. 648, 653–54, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). In that regard, the courts assess the constitutionality of a traffic stop under the two-prong standard articulated in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *See Arizona v. Johnson,* 555 U.S. 323, 330–31, 129 S.Ct. 781, 172 L.Ed.2d 694 (2009). Pursuant thereto, the Court must first assess whether the articulated bases for the traffic stop were legitimate. *See United States v. Rusher,* 966 F.2d 868, 875 (4th Cir.1992). Secondly, the Court must examine whether the actions of the authorities during the traffic stop were "reasonably related in scope" to the bases for the seizure. *Id.*

5. Mr. Powell asserts that law enforcement lacked any objectively reasonable grounds for initiating this traffic stop. They lacked the requisite probable cause or reasonable articulable suspicion that criminal activity was afoot to justify running afoul of Mr. Powell's 4th Amendment protections, and any items seized or obtained as a result of this unlawful stop and search must be suppressed.

WHEREFORE, the defendant respectfully moves this Honorable Court to suppress any tangible and derivative evidence unlawfully seized at the time of the arrest on April 19, 2023.

Respectfully submitted,

/s/
CHRISTOPHER C. NIETO
Nieto Law Office
233 East Redwood Street, Suite 1000C
Baltimore, Maryland 21202
Tel: (443) 863-8189
Fax: (443) 378-5723
Email: cnieto@nietolawoffice.com