IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIM. NO. JRR-23-146 |
| | * | |
| GARRICK POWELL, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**CONSENT MOTION FOR PROTECTIVE ORDER
REGARDING DISCLOSURE OF DISCOVERY MATERIALS**

The United States of America, by and through undersigned counsel, respectfully moves the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for a Protective Order restricting copying and dissemination of materials disclosed to defense counsel related to law enforcement internal affairs records. A proposed Protective Order is attached. In support of this motion, the government states as follows:

1. The defendant is charged with possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g), possession of a machine gun, in violation of 18 U.S.C. § 922(o), and other related charges. There is a motions hearing scheduled for August 6, 2024; a trial date is set for January 13, 2025. The government has obtained and reviewed potential *Giglio* material for law enforcement witnesses. The government may continue to obtain and review, records maintained by the internal affairs divisions ("IAD") of the relevant law enforcement agencies for law enforcement witnesses that may eventually be called to testify during a motions hearing and/or trial. Although the government does not believe all such information to be *Giglio* material, or that any such disclosures are required at this time under Federal Rule 16 of Criminal Procedure, the government nevertheless wishes to make some of those records available to defense counsel for inspection to facilitate potential resolution of this case.

2. The IAD records contain non-public information, information that is not readily available, and/or information that is potentially subject to denial of disclosure about the officers in question, as well as other individuals. In order to balance the government's desire to make fulsome disclosures to defense counsel in this case with the officers' privacy interests, the government is therefore seeking a protective order.

3. Rule 16(d)(1) of the Federal Rules of Criminal Procedure states that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The government hereby moves, pursuant to Rule 16(d)(1), for a Protective Order restricting defense counsel from making additional copies of the IAD records and from disseminating the IAD records to anyone. The government further moves for a Protective Order requiring defense counsel to maintain the IAD records consistently with the provisions of the Order and destroy all paper and electronic copies of the IAD records once this case has resolved.

4. Nothing in this order, either by its submission or by defense counsel's agreement to it, constitutes an admission by either party as to the admissibility of such records, or that these records constitute *Giglio* material. In the event defense counsel does seek to use information contained in the IAD records in Court, the government may file a motion seeking to preclude such use. The Court can then make a determination as to whether any disclosure of information contained in the IAD records is warranted for use during cross-examination.

5. Any inconvenience caused by the restrictions in the Protective Order is outweighed by the risks presented by the free dissemination of the IAD records. Placing restrictions on the copying and dissemination of the IAD records appropriately balances the Defendant's interest in

access to information related to the background of the government's law enforcement witnesses with the privacy interests associated with the records.

6. Counsel for the Defendant consents to this motion.

WHEREFORE, the government respectfully requests that this Court, pursuant to Rule 16(d)(1) of Federal Rules of Criminal Procedure, grant the government's Motion for a Protective Order as specified above and enter the proposed Protective Order, attached hereto.

Respectfully Submitted,

Erek L. Barron
United States Attorney

By: \_\_\_\_\_/s/_____
Patricia McLane
Stanton Lawyer
Assistant United States Attorney
36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIM. NO. JRR-23-146** |
| | * | |
| **GARRICK POWELL,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

## ORDER

Upon consideration of the government's Consent Motion for a Protective Order, the Court finds that to adequately assure the preservation of information involving law enforcement internal affairs files (collectively the "Protected Information"), it is hereby ordered:

1) **Protected Information.** For purposes of this Protective Order, "Protected Information" means any law enforcement agency internal affairs files or summaries thereof (hereinafter IAD records) produced to defense counsel (either before or after an *in camera* submission to the Court), whether oral or recorded in any form or medium.

2) **Access to and Use of Protected Personal Identity, Financial, and Contact Information.** The Defendant, and his counsel, may use the Protected Information only for purposes of this litigation and may not disclose such Protected Information to anyone not specifically entitled to access under this Protective Order. Legal staff working at the direction of defense counsel, including paralegals and secretaries are expressly entitled to access under this Protective Order and are subject to its provisions. Expert witnesses retained by defense counsel for purposes of this litigation are also entitled to access under this Protective Order and subject to its provisions. All staff members and expert witnesses provided with access to information subject to this Protective Order shall be informed by defense counsel of the requirements of the Protective

Order.  Counsel for the Defendant may disclose Protected Information to Defendant, but may not provide Defendant with any documents containing Protected Information.  Counsel for the Defendant and individuals participating in the case at the direction of counsel, may only use the Protected Information for the purposes of defending this criminal case, including any appeal, and may not disclose the Protected Information to non-parties to this litigation.

3) **Use of Protected Information in Court Filings and Open Court.**  The procedures for use of Protected Information, or confidential documents containing the same, during any potential hearing or potential trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.  The parties shall consider the following: redacting confidential documents to remove individual identifiers, requesting the court to submit such documents under seal, requesting that any exhibit be placed under seal, introducing summary evidence where practicable which may be more easily redacted, and assuring that all Protected Information associated with individuals have been redacted in accordance with Rule 49.1 of the Federal Rules of Criminal Procedure and other applicable laws.  No party shall disclose designated confidential documents in open Court without prior consideration by the Court.  No party shall file documents containing Protected Information to the Court or reproduce Protected Information in any court filing unless the document or filing containing the Protected Information is placed under seal or all information that would identify the subject of the document or filing has been removed or redacted.

4) **Filing of documents.**  The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

5) **Maintenance and Storage of Protected Information.**  Counsel for the Defendant shall maintain such Protected Information in a secure and safe area and shall exercise due and

2

proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to her or his own confidential information.

**6)** **Disposition of Protected Information.**  After the case is resolved, including any appeal, counsel for the Defendant shall destroy any and all paper copies of Protected Information and/or work product containing Protected Information. Defense counsel may maintain an electronic copy of Protected Information and work product containing Protected Information in accordance with Paragraph 5, above.

**7)** **Modification Permitted**.  Nothing in this Order shall prevent any party from seeking modification of this Protective Order.  The party seeking modification must first discuss any proposed modifications with opposing counsel.

**8)** **No Waiver**.  The failure to designate any materials as Protected Information as provided in this Protective Order shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

**9)** **No Ruling on Discoverability or Admissibility.**  This Protective Order does not prevent any party from objecting to discovery that it believes to be otherwise improper.  Further, this Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

**10)** **Unauthorized Disclosure.**  Should any Protected Information be disclosed in a manner not authorized by this Protective Order by the Defendant, counsel or others, then the defense counsel shall use their best efforts to obtain the return of any such Protected Information and to bind the recipient of Protected Information to the terms of this Order and shall, within ten business days of the discovery of such disclosure, inform the counsel for the government in writing

of the unauthorized disclosure and identify such recipient to the party who designated the Protected Information.

**11)** **Sanctions for Unauthorized Disclosure.**  Both parties shall use their best efforts to confer with the opposite parties with regard to this Order before seeking relief from the Court, and neither party shall seek to have the Court impose sanctions pursuant to Rule 16(d)(2) without providing the other party with notice at least three business days in advance.

**12)** **Nontermination.**  This Order shall survive the termination of this case and shall continue in full force and effect thereafter.

**13)** **Reservation of Rights.**  Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within hat agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order.

_____          _____
Date                                                                      The Honorable Julie R. Rubin
                                                                                       United States District Judge