**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO.    JRR-23-146** |
| **GARRICK POWELL,** | : | |
| **Defendant** | : | |

**MOTION FOR EXCLUSION OF TIME FROM SPEEDY TRIAL
COMPUTATIONS**

The United States of America, by and through undersigned counsel, hereby moves this Court as follows:

1.      The Speedy Trial Act, 18 U.S.C. § 3161, requires that a defendant be brought to trial within 70 days of indictment or initial appearance. The Act does provide for various circumstances under which the computation of time may be excluded.    18 U.S.C. § 3161(h).

2.      On April 26, 2023, a grand jury sitting in the District of Maryland indicted Garrick Powell in a two-count indictment.    ECF 1.

3.      Powell had his initial appearance on May 3, 2023.    ECF 4.    The Court detained Powell by agreement of the parties.    ECF 6.

4.      On September 18, 2023, the Court held a detention hearing based on the Defendant's appeal of the magistrate judge's order.    ECF 23, 24.    The Court continued the Defendant's detention status pending the resolution of this matter.

5.      The Government has provided discovery to counsel for the Defendant.

6.      The Court held a motions hearing on August 6, 2024.    ECF 53.    The Court denied the motion.    ECF 56.

1

7.     A Rule 11 hearing was set for November 6, 2024.   ECF 58.   The Defendant did not accept the plea, and asked for additional time to have a pre-plea report completed.    T

8.     The pre-plea report was submitted to the parties in December 2024.

9.     The Court vacated the Scheduling Order which had set a jury trial for January 13, 2025. ECF No. 42.   There are no other dates set.

10.     The Government previously excluded speedy clock computation time through the original trial date of January 13, 2025, which the Court granted.   ECF 39.   The Government now seeks an exclusion of an additional 30 days for the Defendant to decide on whether to accept the original plea offer, make a counter offer, or ask for a Scheduling Order for a jury trial.    The circumstances of this case permits such a delay and an exclusion of time during this period.   Periods of delay that extend the time within which trial should commence include delays granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant's right in a speedy trial.   18 U.S.C. § 3161(h)(7)(A).   In this case, the requested exclusion of time will allow the Defendant to decide his case.   If he chooses to accept a plea, it will save court resources; if he elects to go to trial, this exclusion will allow the parties and the Court to set a date and prepare for trial.    Therefore, in this case the ends of justice served by extending the computation of time under the Speedy Trial Act outweigh the interests of the defendant, and the public, in a speedy trial, and the resulting delay is permissible pursuant to 18 U.S.C. § 3161(h)(7).

11.     Counsel for the Defendant consents to this request.

        Wherefore, the United States, through undersigned counsel, hereby requests that the Court issue an Order providing for the requested exclusion of time from January 13, 2025, through

February 13, 2025.

A proposed Order is attached herein.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:    _____/s/_____
Patricia McLane
Assistant United States Attorney